FILED

MAR 2 6 2026

U.S. MAGISTRATE JUDGE

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264
JOSEPH SCISCENTO
Assistant United States Attorney
Nevada Bar No. 4380
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
joseph.sciscento@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PABLO ENRIQUE ROMERO SANTOS,<br><br>Defendant. | CRIMINAL COMPLAINT<br><br>Case No. 2:26-mj- 00193-DJA<br><br>VIOLATIONS:<br><br>Operating a Motor Vehicle while Under the Influence of Drugs<br>36 C.F.R. § 4.23(a)(1)<br><br>License Plate Lamps<br>36 C.F.R. § 4.2(b); N.R.S. § 484D. 115(4) |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
Operating a Motor Vehicle while Under the Influence of Drugs
(36 C.F.R. § 4.23(a)(1))

On or about March 8, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**PABLO ENRIQUE ROMERO SANTOS,**

defendant herein, operated a purple 2016 Toyota Camry bearing Nevada license plate 725ZHW, under the influence of drugs to a degree that rendered the defendant incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(1).

## COUNT TWO
License Plate Lamps
(36 C.F.R. § 4.2(b); N.R.S.§ 484D.115(4))

On or about March 8, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

## PABLO ENRIQUE ROMERO SANTOS,

defendant herein, operated a purple 2016 Toyota Camry bearing Nevada license plate 725ZHW, without being equipped with a lamp so constructed and placed as to illuminate with a white light the rear license plate or license plate and render it clearly legible from a distance of fifty (50) feet to the rear, in violation of 36 C.F.R. § 4.2(b); N.R.S. § 484D.115(4).

## PROBABLE CAUSE AFFIDAVIT

I, Christopher J. Raynolds, as a Park Ranger with the National Park Services, state the following as and for probable cause:

1.      I have been employed as a law enforcement officer with the National Park Service in the Lake Mead National Recreation Area, Clark County, Nevada, for over twenty (20) years.

2.      As part of my duties, I investigate criminal violations of law on federal land. Through my employment as a Ranger with the National Park Service, I have received specialized training in the enforcement of federal laws. My training and experience have involved, among other things, the evaluation of roadside impairment, performing DUI investigations, and the administration of Field Sobriety Tests.

2

3.      The following information used to support this Complaint was derived from reports of information obtained from investigations conducted by law enforcement related to the incident or my own personal investigation.

4.      This Complaint contains information necessary to support probable cause to believe that the criminal offenses described herein were committed by the defendant, **PABLO ENRIQUE ROMERO SANTOS**, and is not intended to include each and every fact and matter observed or known by me. Moreover, to the extent that this Complaint contains statements by witnesses, those statements are set forth only in part and in substance and are intended to accurately convey the information, but not to be verbatim recitations.

### FACTS ESTABLISHING PROBABLE CAUSE

5.      On March 8, 2025, National Park Service Ranger Michael Routson was on routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada.

6.      At approximately 9:53 PM, while stationery on Lakeshore Road near mile marker two (2), Ranger Routson observed a purple 2016 Toyota Camry bearing Nevada license plate 725ZHW swerve in the roadway and quickly correct. Ranger Routson noticed that it took an unusual amount of time for the vehicle to perform a left-hand turn onto Lake Mead Boulevard. Ranger Routson followed the vehicle and observed exceptionally slow travel, approximately twenty 20 miles per hour under the posted speed limit of 50 miles per hour and observed a defective license plate light.

7.      Ranger Routson initiated a traffic stop near the East Lake Mead Boulevard Entrance Station by activating the emergency lights and sirens of his marked patrol vehicle.

Ranger Routson contacted the operator who was identified as **PABLO ENRIQUE ROMERO SANTOS** by his Nevada state driver's license.

8.    During this face-to-face contact with **ROMERO SANTOS**, Ranger Routson smelled the odor of marijuana coming from the vehicle. When asked, **ROMERO SANTOS** admitted to possessing a quarter of an ounce of marijuana within the vehicle. **ROMERO SANTOS** admitted to smoking marijuana four (4) hours earlier that day.

9.    The following are the results of the Standardized Field Sobriety Test administered to **ROMERO SANTOS** by Ranger Routson:

(a)    Horizontal Gaze Nystagmus Test: **ROMERO SANTOS'** eyes did not display any clues.

(b)    Walk-and-Turn Test: **ROMERO SANTOS** could not keep balance during the instruction phase, took the wrong number of steps, and conducted an improper turn.

(c)    One-Leg-Stand Test: **ROMERO SANTOS** used his arms for balance and put his foot down.

(d)    Preliminary Breath Test: **ROMERO SANTOS** was not asked to perform this test.

10.    The following are the results of the Advanced Roadside Impaired Driving Enforcement (ARIDE) Tests administered to **ROMERO SANTOS** by Ranger Routson:

(a)    Lack of Convergence test: **ROMERO SANTOS'** right eye displayed a lack of convergence.

4

(b)    Modified Romberg Balance test: **ROMERO SANTOS** estimated thirty (30) seconds in thirty-two (32) seconds. Eyelid tremors were present which can be indicative of marijuana use.

(c)    Finger to Nose test: **ROMERO SANTOS** did not follow instructions on his first test and was allowed to repeat the test. On the second attempt, **ROMERO SANTOS** missed touching the tip of his nose as instructed.

11.    Based on Ranger Routson's training and experience, **ROMERO SANTOS'** physical and objective symptoms of intoxication and poor performance of the Standardized Field Sobriety Tests and ARIDE Tests, Ranger Routson formed the opinion that **ROMERO SANTOS** had been operating a motor vehicle while under the influence of drugs and Ranger Routson placed **ROMERO SANTOS** under arrest.

12.    **ROMERO SANTOS** was taken to the Henderson Detention Center where he consented to a blood withdrawal. A registered nurse withdrew a sample of blood from **ROMERO SANTOS**.

13.    **ROMERO SANTOS'** blood sample was analyzed by a Las Vegas Metropolitan Police Department Forensic Scientist who determined it contained a concentration of marijuana in the amount of 11-Hydroxy-THC (marijuana metabolite) of 3.4 ng/mL +/- 0.8 ng/mL, Delta-9-Tetrahydrocannabinal (THC) of 11.7 ng/mL +/- 2.2 ng/mL, and THC-Carboxylic Acid (marijuana metabolite) in the amount of 97.7 ng/mL +/- 19.4 ng/mL.

. . .

. . .

. . .

## CONCLUSION

14.    Based upon the information set forth in this application, I respectfully submit that there is probable cause to believe that **PABLO ENRIQUE ROMERO SANTOS** violated 36 C.F.R. §§ 4.32(a)(1) and 4.2(b); N.R.S. § 484D.155(4).

CHRIS RAYNOLDS, Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me

this _____26th_____ day of March, 2026.

HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

6